FILED

APR 0 9 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUGUSTO OLIVEROS-PACHECO, | ) |
| Petitioner, | ) Cr. No.   08-4082GT |
| v. | ) Cv. No.  09-1350GT |
| UNITED STATES OF AMERICA | ) **ORDER** |
| Respondent. | ) |

On June 19, 2009, Petitioner, Augusto Oliveros-Pacheco ("Mr. Oliveros"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Oliveros requests a downward departure based on his status as a deportable alien, which Mr. Oliveros asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Oliveros's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Oliveros's Motion to Modify Sentence is **DENIED**.

//

//

1    First, Mr. Oliveros pled guilty, pursuant to a written plea agreement, to one count of

2    Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326. In the written plea

3    agreement, Mr. Oliveros explicitly waived his right to appeal and/or collaterally attack his

4    conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea

5    agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996),

6    *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Oliveros expressly waived his statutory right to

7    appeal or collaterally attack his sentence in his plea agreement, Mr. Oliveros is now precluded from

8    challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d

9    1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is

10   enforceable).

11   Moreover, even if Mr. Oliveros had not expressly waived his right to appeal or

12   collaterally attack his sentence, his petition would still fail. In essence, Mr. Oliveros argues that

13   because of his status as a deportable alien, he is "ineligible[] for pre-release custody and

14   minimum security confinement." Mr. Oliveros argues that the Court should grant him a

15   downward departure because of his alien status. However, Mr. Oliveros's argument that the

16   Court should depart downward because he is a deportable alien is precluded by statute and

17   current Ninth Circuit case law. By statute, the Court may depart downward only if there are

18   "aggravating or mitigating circumstances . . . not adequately taken into consideration by the

19   Sentencing Commission." 18 U.S.C. § 3553(b).     Specifically, the Ninth Circuit has held that

20   the threat of deportation is not a factor that the district court may consider for sentencing

21   purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Accordingly,

22   //

23   //

24   //

25

26   [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not
     entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
27   deportable alien he is not eligible to spend the last six months of his sentence in a half way
     house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
28   Cir. 1996).

1

**IT IS ORDERED** that Mr. Oliveros's Motion to Modify Sentence is **DENIED.**

2

**IT IS SO ORDERED.**

3

4

5

4-9-10
_____
date

6

GORDON THOMPSON, JR.
United States District Judge

7

cc: AUSA Bruce Castetter

Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR4082